SUPERIOR COURT
OF THE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

September 7, 2017

**STATE MAIL – N443**
Leroy C. Mitchell
SBI # 440585
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

> ### RE:   *State of Delaware v. Leroy C. Mitchell*
> ### Id No: S1408017353A

Date Submitted: August 14, 2017

Dear Mr. Mitchell:

This is my decision on your Motion for Postconviction Relief. You were charged with numerous drug, firearm, and traffic-related charges. The charges arose out of what started out as a routine traffic stop. On August 21, 2014, you were pulled over by Laurel, Delaware Police Officer Shaffer. You gave your driver's license to Officer Shaffer. Officer Shaffer ran your driver's license while you waited in the car. Your driver's license came back suspended and the car came back registered to another person. When Officer Shaffer returned to the car and informed you that your driver's license was suspended, you fled in the car. You led Officers Shaffer and Moore on a high speed car chase throughout the town of Laurel, until you

crashed the vehicle you were driving into a fence. After crashing, you fled on foot, taking with you a Foot Locker bag from the vehicle. At some point during the foot chase, you discarded the Foot Locker bag in a bushy area, and disappeared. With the help of a canine the police were able to locate the Foot Locker bag. Inside the bag were 30 suspected logs of heroin, or 3,896 bags. The officers returned to the car from which you fled and found a loaded handgun in the pocket of the driver's side door. The recovered gun was reported stolen and eventually linked to a homicide investigation in Wilmington, Delaware. The gun was sent up to Wilmington for additional ballistic testing and was never returned. The car was disposed of. You were arrested several months later in Wilmington during a routine traffic stop.

On May 13, 2015, after a jury trial, you were found guilty of all of the charges that went to the jury except for the charge of Carrying a Concealed Deadly Weapon.[1] On August 26, 2015, I granted you a new trial because NMS, the Pennsylvania drug testing lab that tested the heroin recovered from the Foot Locker bag, did not have a reliable method for testing large quantities of heroin. On September 17, 2015, the Honorable T. Henley Graves issued a decision approving the hypergeometric sampling procedure that the Delaware Division of Forensic Science was using for

---

[1] At the conclusion of the State's case, I dismissed charges of Receiving a Stolen Firearm and Failing to Signal.

2

testing large quantities of heroin.[2]  The prosecutor in your case indicated that she was going to retest the drugs found in the Foot Locker bag using this approved procedure. Your attorney filed a Motion for a *Daubert* hearing on October 8, 2015.  I denied it, concluding that Judge Graves had resolved the issue over the drug testing.  On November 23, 2015, after I denied your *Daubert* and other motions,  you pled guilty to one count of Drug Dealing, a class D felony, with a sentence range up to eight years.  I sentenced you to six years at Level 5 on the Drug Dealing charge, suspended after serving five years at Level 5 for one year at Level 3.  At the time of your sentencing, you were serving a sentence for another charge.   You did not appeal your guilty plea or sentence to the Supreme Court.  This is your first Motion for Potconviction Relief and it was filed in a timely manner.

You allege that 1) your counsel was ineffective, and 2) the State destroyed exculpatory evidence.  The Office of the Public Defender has submitted an affidavit responding to your allegations.  Given the nature of your allegations and the fact you did not request an attorney, I have concluded that there is no need to appoint an attorney for you and that a hearing is not necessary.  In order to evaluate your allegations, I have to first determine if your counsel's representation of you left you with no choice but to plead guilty and, if it did not, whether you made a knowing,

---

[2]  *State v. Roundtree*, 2015 WL 5461668 (Del. Super. Sept. 17, 2015).

intelligent and voluntary waiver of your rights when you pled guilty.

## I. Ineffective Assistance of Counsel

You contend that your counsel was ineffective because she (1) failed to make a motion to have the evidence against you thrown out, (2) failed to get your sentences to run concurrently and not consecutively, (3) failed to contest the search warrant for the cell phones that were found in the abandoned car, and (4) failed to inform you of certain other motions. The United States Supreme Court has established the proper inquiry to be made by courts when deciding a motion for postconviction relief.[3] In order to prevail on a claim for ineffective assistance of counsel pursuant to Superior Court Criminal Rule 61, the defendant must show: "(1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's actions were so prejudicial that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial."[4] Further, a defendant "must make and substantiate concrete allegations of actual prejudice or risk summary dismissal."[5] It is also necessary that the defendant "rebut a 'strong presumption' that trial counsel's representation fell within the 'wide range of reasonable professional assistance,' and

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

[4] *State v. Thompson*, 2003 WL 21244679 (Del. Super. April 15, 2003), *citing Strickland*, 466 U.S. 668 (1984).

[5] *State v. Coleman*, 2003 WL 22092724 (Del. Super. Feb. 19, 2003).

4

this Court must eliminate from its consideration the 'distorting effects of hindsight when viewing that representation.'"[6]

## A. Motion to Exclude

You allege that your attorney was ineffective because she failed to make a motion to exclude the drug evidence due to improper testing. Your allegation is not correct. On May 15, 2015, two days after your trial ended, your attorney filed a Motion for Judgment of Acquittal arguing that the drugs in evidence at your trial were not tested properly. In the alternative, your attorney asked for a new trial. I did not grant your Motion for Judgment of Acquittal, but I did grant your request for a new trial. On October 12, 2015, your attorney filed two motions. The first motion was for a *Daubert* hearing seeking to challenge the State's hypergeometric sampling procedure for testing large quantities of heroin. I denied your *Daubert* motion, reasoning that Judge Graves had approved the State's methodology. The second motion was for a *Lolly-Deberry* instruction based upon the State's failure to get DNA and fingerprint evidence from the car. I told your attorney that I would give the missing evidence instruction that I gave at your first trial. On November 13, 2015, your attorney filed a Motion in Limine to exclude the proffered expert testimony of Sergeant Wright regarding whether the drugs you possessed were for personal use or

---

[6] *Coleman*, 2003 WL 22092724, at *2, *quoting Strickland*, 466 U.S. at 689.

5

not. On November 17, 2015, your attorney filed two more motions. The first motion was a Motion to Exclude Evidence. Your attorney sought to exclude testimony concerning your driver's license from coming into evidence because the State only took a picture of your driver's license instead of retaining your actual driver's license. In the alternative, your attorney sought a *Lolly-Deberry* instruction on missing or destroyed evidence. I denied that motion, concluding that the picture of your driver's license was adequate. The second motion your attorney filed was a Motion to Dismiss because, among other things, the State did not preserve your driver's license, the gun and car. I denied this motion. You are incorrect in your allegations concerning your attorney's effectiveness. Your attorney consistently and aggressively attacked the evidence in this case. The record makes clear that your attorney was aware of the drug testing issues and argued against their admissibility. Your attorney was also aware of the fact that the State did not preserve your driver's license, the gun and the car. She used this to get you favorable jury instructions. She was successful in not only getting the number of charges against you reduced, but ultimately secured you a favorable plea offer from the State. There is nothing about your allegations that would allow me to conclude that your attorney's representation of you was deficient and left you with no choice but to plead guilty. Your allegations are without merit.

6

**B. Concurrent Sentence**

You allege that your attorney was ineffective because she did not ask me to make your sentence in this case concurrent with your recent sentence in New Castle County. 11 *Del.C.* §3901(d) states that "the court shall direct whether the sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently or consecutively with any other sentence of confinement imposed on such criminal defendant." The decision on whether your sentences ran concurrently or consecutively was mine, not your attorney's. You have failed to offer any reason whatsoever as to why I should make your sentence in this case concurrent with your other sentence. Given your criminal history, which is serious, and the nature of this case, which is also serious, I would not have allowed your sentences to run concurrently even if your attorney had made the request. There is nothing about your allegations that would allow me to conclude that your attorney's representation of you was deficient and left you with no choice but to plead guilty. This allegation is without merit.

**C. Search Warrant**

You allege that your attorney was ineffective for not challenging the search warrant that allowed the police to search the two cell phones found in the abandoned car. You are correct that your attorney did not file a motion to suppress this evidence.

In order to challenge the search of the cell phones, you needed standing to contest the search warrant. This would require you claiming the cell phones belonged to you. The basis of your defense was that you were never in the abandoned car. Therefore, you would not have had standing to challenge the search of the phones. By claiming the phones as yours, you would be undermining your own defense. Your attorney was correct in not challenging the search warrant. There is nothing about your allegations that would allow me to conclude that your attorney's representation of you was deficient and left you with no choice but to plead guilty. This allegation is without merit.

**D. Additional Motions**

You allege that your attorney was ineffective for not telling you about "certain motions to be filed." You do not expand on or say anything else to support this allegation. Therefore, this allegation is conclusory. I will note that your attorney filed numerous motions contesting the evidence and the proffered expert opinions, while simultaneously seeking the dismissal of the charges against you. There is nothing about your allegations that would allow me to conclude that your attorney's representation of you was deficient and left you with no choice but to plead guilty. This allegation is without merit.

## II. Destruction of Evidence

You appear to allege that your constitutional rights were violated by the destruction of certain evidence in your case. The State did not preserve your driver's license, the car and gun. This issue was raised numerous times throughout your first trial and post-trial. These issues were known to both you and your attorney. Your counsel filed several motions related to the missing and destroyed evidence. Some of these motions were successful and others were not. Had you gone to trial, you could have challenged the State's evidence against you, or lack of evidence. You, however, chose to waive your right to challenge the State's evidence. The record demonstrates that you understood the rights you waived and did so knowingly, intelligently and voluntarily. This is demonstrated by your answers to the questions on the Truth-In-Sentencing Guilty Plea Form and your answers during the plea colloquy. The following are the applicable questions and your answers on the Truth-In-Sentencing Guilty Plea Form.

> Have you freely and voluntarily decided to plead guilty to the charge listed in the written plea agreement?
> You answered "yes."
> Have you been promised anything that is not stated in your written plea agreement?
> You answered "no."
> Has your lawyer, the State, or anyone threatened or forced you to enter this plea?

You answered "no."

Do you understand that because you are pleading guilty you will not have a trial, and therefore waive (give up) your constitutional rights:

(1) to have a lawyer represent you at trial;

(2) to be presumed innocent until the State can prove each and every part of the charge(s) against you beyond a reasonable doubt;

(3) to a speedy and public trial by jury;

(4) to hear and question witnesses against you;

(5) to present evidence in your defense;

(6) to testify or not testify yourself; and,

(7) to appeal, if convicted, to the Delaware Supreme Court with the assistance of a lawyer?

You answered "yes."

The following is an excerpt from your Plea Colloquy:

The Court: Mr. Mitchell, I understand you've decided to plead guilty to one count of drug dealing; is that what you've decided to do today?

The Defendant: Yes, sir.

The Court: Do you understand the nature of that offense?

The Defendant: Yes, sir.

The Court: Do you understand that you face a sentence of up to eight years in jail?

The Defendant: Yes, sir.

The Court: You have certain rights, Mr. Mitchell. Those rights are listed on the Truth-In-Sentencing Guilty Plea Form which you have already signed. Have you discussed each and every one of those rights with [your attorney]?

The Defendant: Yes, sir.

The Court: Do you understand each and every right?

The Defendant: Yes, sir.

The Court: Do you understand that by taking this plea, you're waiving all those rights and there won't be a trial now?

The Defendant: Yes, sir.

The Court: Did anybody force you to take this plea?

The Defendant: No.

The Court: Did you commit the offense you're pleading guilty to?

The Defendant: Yes

The Court: Are you satisfied with [your attorney's] representation of you?

The Defendant: Yes.

The Court: Are you sure that this is how you wish to resolve the charges against you?

The Defendant: Yes.

The Court: All right. Based on that, I will accept your plea as being made knowingly, intelligently and voluntarily.[7]

I am satisfied now, just as I was when you entered your guilty plea on November 23, 2015, that you made a knowing, intelligent and voluntary decision to waive your rights. Specifically, your right to challenge the evidence and the State's case against you. Given your answers on the Truth-In-Sentencing Guilty Plea Form and during the plea colloquy there is simply no reason for me to believe that your attorney's actions caused you to plead guilty when you did not want to do so. Your allegations are without merit. Therefore, I have denied your Motion for Postconviction Relief.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ E. Scott Bradley*

E. Scott Bradley

ESB/sal
cc:     Counsel
          Prothonotary

---

[7] Transcript at 4-5 (November 23, 2015).